**Entered on Docket**
**September 09, 2014**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**The following constitutes the order of the court. Signed September 9, 2014**

**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARK FEATHERS,<br><br>Debtor. | Case No. 13-55816 CN<br>Chapter 7<br><br>**MEMORANDUM DECISION RE: MOTION TO AVOID JUDICIAL LIEN** |

On August 21, 2014, this court conducted an evidentiary hearing on Chapter13 debtor Mark Feather's motion to avoid the judicial lien held by Stanley Blumenfeld ("Blumenfeld"). All appearances were noted on the record. The following constitutes this court's findings of fact and law.

Mark Feathers filed his Chapter 13 case on November 4, 2013 (the "Petition Date"). At that time, Feathers apparently owned and resided at 1520 Grant Road in Los Altos, California (the "Grant Road property"). There are two consensual deeds of trust against the Grant Road property. Feathers and Blumenfeld agree that on the Petition Date Wells Fargo Home Mortgage (the first deed of trust holder) was owed $1,967,359.24, and Chase Home Mortgage (the second deed of trust holder) was owed $495,700.73. They further agree that as of November 4, 2013, Blumenfeld held a duly recorded $797,600 abstract of judgment against the Grant Road property.

The question is whether Blumenfeld's abstract of judgment impairs Feather's exemption under Bankruptcy Code § 522(f).

Case: 13-55816 Doc# 47 Filed: 09/09/14 Entered: 09/09/14 15:04:29 Page 1 of 6

The Grant Road property has a single family residence and a substantial guest house that Feather apparently rents. While the main residence is 102 years old, it has been substantially renovated. It has nine rooms, including three bedrooms and 2.25 bathrooms, a pool and a three car garage. The property sits on slightly less than an acre. The guest house has two additional bedrooms, a single bathroom, and a separate kitchen, dining and living room.

The only witnesses called by the parties were their respective appraisers, and they valued the Grant Road property as of the Petition Date. Both were well qualified to appraise the Grant Road property. Michael Frangadakis testified on Feather's behalf and valued the Grant Road property at $2.4 million using the sales comparison approach. Frangadakis inspected the primary residence but did not inspect the guest house's interior (he assigned a $75,000 value to the guesthouse). Frangadakis used three, Los Altos comparable sales, which all closed before the Petition Date (the 1188 Richardson Avenue comparable closed almost five months before the Petition Date). The comparables had substantially smaller lot sizes, yet substantially more living space in the primary residence. The largest dollar adjustments made by Frangadakis reflected these size differentials. Frangadakis did not inspect the comparables, but researched them through the information posted on their MLS listings. Frangadakis also conceded that it was a rising real estate market during the time in question. While Frangadakis inspected the Grant Road property on April 11, 2014, no one contends that its condition changed in the interim.

Keith Balch testified on Blumenfeld's behalf, and valued the Grant Road property at $2.8 million. Unlike Frangadakis, he was not given access to the Grant Road property, and thus did not physically inspect it. Instead, he relied on Frangadakis' description, and provided a "drive-by" appraisal. Balch also used the sales comparison approach, and he relied on six comparable sales, two of which closed after the Petition Date. While the living space square footage of his comparables were considerably closer to that of the Grant Road property, their lot sizes varied widely.

The Grant Road property's age, neighborhood, lot size and guest house make it difficult to appraise. In Frangadakis's appraisal, the 1188 Richardson Avenue sale is the comparable that most closely resembles the Grant Road property. Using this comparable alone, Frangadakis estimated the

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

Grant Road property at $2,486,150. The 1188 Richardson Avenue property's sale date was May 22, 2013.

Balch did not use any of Frangadakis's comparable sales. Frankly, no single comparable in his appraisal stood out as more closely resembling the Grant Road property, which made his appraisal more difficult to analyze.[1] However, simply in terms of lot size, age, square footage and bedroom and bath count, the 1475 Country Club Drive and 1677 Whitham Avenue sales appear to be the better comparables (although neither has a guest house). The Country Club's sale date was September 14, 2013, and the Whitham Avenue's sale date was November 25, 2013.[2]

The adjusted sale prices of the Whitham Avenue and Country Club Drive comparables were $2,658,000 and $2,755,000, respectively.

Since Frangadakis actually inspected the Grant Road property, his appraisal is more credible. While Balch used Frangadakis's appraisal as a starting point, Frangadakis selected comparables with a deeper understanding of the Grant Road property's true condition and nature. His $2.4 million appraisal, however, is too low. The 1188 Richardson Avenue sale is his best comparable, and the adjusted sales price based on this property sale is $2,486,150. Moreover, this sale was more than five months before the Petition Date in a rising real estate market. Considering these factors, the Grant Road property was worth $2,525,000 on November 4, 2013.

Bankruptcy Code § 522(f)(1) authorizes Feathers to avoid a judicial lien to the extent it impairs "an exemption to which the debtor would have been entitled under subsection (b) of this section . . ." While Feathers's Bankruptcy Schedule C and trial brief asserted a $20.00 exemption in the Grant Road property (under California "grubstake" exemptions found in California Code of Civil Procedure 703.140 et. seq.), Feathers argued at trial (presumably for the first time) that he was entitled to a $75,000 exemption under California Code of Civil Procedure § 704.730(a)(1).

---

[1] While Frangadakis described the downstairs bathroom as a quarter-bath (i.e, lacking a sink), Balch described it in his appraisal as a half-bath. The court is uncertain whether this altered their analyses.

[2] While there was some testimony regarding the propriety of a comparable that sold after November 4, 2013, the professional guidelines followed by both appraisers does not expressly prohibit this.



Case: 13-55816 Doc# 47 Filed: 09/09/14 Entered: 09/09/14 15:04:29 Page 3 of 6

Section 522(f)(2)(A) provides that "For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of - (I) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens. The outcome of this motion hinges on the exemption used. If this court applies a $20 exemption, the § 522(f)(2)(A) calculation is as follows:

$797,600 (Blumenfeld Abstract)
+ $1,967,359.24 (First D/T)
+ $495,700.73 - (Second D/T)
+ $20.00
= $3,260,679.97
− $2,525,000
= $735,679.97.

Since the impairment is less than Blumenfeld's abstract, $61,920.03 of his lien remains against the Grant Road property. If the newly asserted $75,000 exemption is applied, his lien is fully avoided.

Blumenfeld had the right to contest Feather's $75,0000 exemption (see *In re Morgan*, 149 BR. 147 (BAD. 9th Cir. 1993), and its late assertion denied him this right. His rights, however, must be juxtaposed with this court's obligation to construe exemptions broadly and liberally in a debtor's favor. See, e.g., *In re Reade*, 2014 WL 1329808, at *4 (BAP. 9th Cir. 2014). Accordingly, Blumenfeld may file and serve a written objection to the $75,000 exemption by October 3, 2014. If he timely files and serves an objection, the court will hold a continued status conference on October 7, 2014 at 11:00 a.m. on this motion. If Blumenfeld does not timely file and serve an objection, his abstract of judgment is fully avoided, and Feathers is instructed to submit an appropriate order,

*** * * END OF ORDER * * ***

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

5

MEMORANDUM DECISION RE: MOTION TO AVOID JUDICIAL LIEN

Case: 13-55816 Doc# 47 Filed: 09/09/14 Entered: 09/09/14 15:04:29 Page 5 of 6

Case No. 13-55816 CN

**COURT SERVICE LIST**

Stanley Blumenfeld
2 Prado Secoya
Atherton, CA 94027

Other recipients are ECF participants

Case: 13-55816 Doc# 47 Filed: 09/09/14 Entered: 09/09/14 15:04:29 Page 6 of 6