The following constitutes
the order of the court. Signed April 7, 2015

*M. Elaine Hammond*

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | Case No. 13-55816 |
| Mark Feathers | Chapter 7 |
| Debtor(s). | Date: March 26, 2015<br>Time: 10:30 a.m.<br>Ctrm: 3070 |

### MEMORANDUM DECISION RE: MOTION TO AVOID JUDICIAL LIEN

Chapter 7 debtor, Mark Feathers, filed a motion to avoid the judicial lien obtained by the Securities and Exchange Commission ("SEC") pursuant to 11 U.S.C. § 522(f).[1]  The SEC opposed the motion on the grounds that the judicial lien was filed after Feathers' discharge, and was not a lien against Feathers' property on the petition date.  The court overrules the SEC's objection, finding that neither of these factors require denial of the motion.

Background

Feathers filed his Chapter 7 case on November 4, 2013.  At the time, he lived in his current residence in Los Altos, California ("Property").  When the Chapter 7 case was filed, the SEC had a pending action against Feathers proceeding before the District Court.  On November 6, 2013, the District Court issued a judgment in excess of $7 million for violation

---

[1] Unless otherwise noted, all code references hereinafter refer to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

of federal securities laws. The automatic stay did not prohibit entry of the Judgment pursuant to § 362(b)(25). Feathers concedes that the Judgment was not discharged in the Chapter 7 case pursuant to § 523(a)(19).

Following entry of Feathers' discharge and closing of the Chapter 7 case, the SEC recorded its abstract of judgment on March 20, 2014, thereby creating a judicial lien. Feathers reopened his Chapter 7 case, and moved the court to avoid the judicial lien.

Analysis

Feathers asserts that the Property should be valued at $2,400,000 on the petition date for the purpose of this motion.[2] He further asserts that on the petition date the following consensual liens were against the Property: first deed of trust with balance of $1,967,359.24 and second deed of trust of $497,754.00. He claims a homestead exemption of $75,000 in the Property. In the absence of further analysis, the homestead exemption that Feathers would have been entitled to under § 522(b) is impaired.

The SEC bases its opposition on the fact that the judicial lien was not "fixed" on the debtor's interest in the property on the petition date. Oppos., p.2. Its analysis relies upon *Wilding v. Citifinancial (In re Wilding)*, 475 F.3d 428 (1st Cir. 2007). In *Wilding*, the First Circuit found that a judicial lien that was paid off through a refinance while the motion was pending could be avoided because it was fixed against debtor's property on the petition date; and the petition date is the operative date for purposes of § 522(f). *See id.* at 432. However, *Wilding* must be distinguished on the basis that it was undisputed that the judicial lien attached on the petition date in that case.

Here, the key issue is whether a judicial lien recorded *after* the petition date may be avoided pursuant to § 522(f). Both the Tenth Circuit Bankruptcy Appellate Panel and the Third Circuit have answered this in the affirmative. In *Bank of Cushing v. Vaughan (In re*

---

[2] Following an evidentiary hearing, the court determined in a prior motion that the value of the Property on the petition date was $2,525,000. This appears to be the more appropriate value for the Property. But as Feathers' exemption is impaired using either valuation, this is not a disputed issue.

*Vaughan)*, 311 B.R. 573 (10th Cir. BAP 2004), the court examined whether a debtor could avoid a lien that arose postpetition and impaired his homestead exemption that arose from a prepetition, nondischargeable debt. These facts are similar to those before this court.

As noted by the *Vaughan* court, the language of § 522 does not contain any qualifications as to when the lien must attach. *Id*. at 578. Reviewed in the context of § 522 as a whole, other provisions "set forth limitations as to when exemptions may or may not trump a creditor's claim or lien rights, but they focus on the nature and timing of the claim, rather than the time when the lien affixed." *Id.* The general rule is that exempt property will not be liable for pre-petition debts but § 522(c) sets forth four exceptions. None of these exceptions apply to the SEC's claim. Further, the fact that Congress created certain exceptions, implies that only those exceptions and no others were intended. "'Thus, § 522(c) performs both a protective function, by preserving the exemption if nondischargeable claims other than those specifically excepted by § 522(c) are sought to be enforced against exempt property, and a limiting function, by denying the exemption protections for certain kinds of nondischargeable claims and unavoided liens.'" *Id.* at 579 (quoting *S & C Home Loans v. Farr (In re Farr)*, 278 B.R. 171, 177 (9th Cir. BAP 2002)). On this basis, the court found no deterrent to avoiding a lien arising from a nondischargeability judgment, even though the lien did not arise until after the bankruptcy petition was filed. *See id*. at 580. The court finds the *Vaughan* court's observation regarding a decision to the contrary compelling: "'Moreover, it would be against basic bankruptcy principles of equitable distribution to treat a pre-petition lien creditor worse than a pre-petition unsecured creditor who later obtains a lien on the debtor's property.'" *Id.* (citation omitted). In an unpublished decision, the Third Circuit also found no impediment to avoiding a judicial lien obtained after the petition date. *See Rosenberg v. Corio (In re Corio)*, 371 Fed. Appx. 352 (3rd Cir. 2010).

The court finds the analysis of the *Vaughan* court compelling. As such, the fact that the SEC's judicial lien was recorded post-petition does not prohibit it from being avoided pursuant to § 522(f).

The SEC further argues that since its lien is based upon a judgment for disgorgement, Feathers is not entitled to assert his homestead exemption against its collection. In support of this assertion it relies upon cases finding that collection of a disgorgement judgment is a form of equitable relief, and therefore, not a "debt" for purposes of the Federal Debt Collection Procedures Act of 1990 (the "FDCPA"). As a result, the judgment debtor is not entitled to state law exemptions that would otherwise apply against collection of the debt. *See SEC v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993); *SEC v. AMX, Int'l.*, 7 F.3d 71 (5th Cir. 1993). However, these cases focus on the definition of a "debt" for purposes of the FDCPA. The applicable question here is whether the Bankruptcy Code places any limitation on the use of exemptions as to claims. The plain language of Bankruptcy Code § 522(c) makes clear that property exempted during a bankruptcy case may not be required to satisfy debts that arose prior to the bankruptcy case: "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case." The Code Section then lists four exceptions to the general rule. One of the exceptions is for a debt secured by a lien that is not avoided pursuant to § 522(f). As the SEC's judgment lien may be avoided, this exception does not apply, and Feathers is entitled to his homestead exemption. *See also Steffen v. Gray, Harris & Robinson*, 283 F. Supp. 2d 1272, 1285 (M.D. Fl. 2003) (finding that property exempted by debtor during his bankruptcy case would not be subject to SEC disgorgement order that arose prepetition).

Accordingly, the court overrules the SEC's opposition and GRANTS the motion to avoid lien pursuant to § 522(f).

***END OF MEMORANDUM DECISION***

## COURT SERVICE LIST

Mark Feathers
PO Box 3866
Los Altos, CA 94024

**Via ECF:**

Fred Hjelmeset, Chapter 7 Trustee

Office of the U.S. Trustee / SJ

Sandra W. Lavigna, SEC's Counsel

UNITED STATES BANKRUPTCY COURT
for the Northern District of California